# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

Paytawn Andrew; Erskine
**Plaintiff-Appellant,**

v

Accenture Federal Services LLC et al
**Defendant(s)-Appellees**

Case No. 25-1847
(1:25 – cv – 00089 – JKB)

## APPELLATE BRIEF MEMORANDUM

## I. INTRODUCTION

The district court dismissed Plaintiff's claims as "implausible" without identifying what specific factual allegations were absent, Plaintiff has presented a broad articulation of his claims and legal theories on appeal. This is not to overstate or multiply theories, but to ensure that no potentially viable claim is deemed waived. At bottom, the question is narrow: what facts, if any, were missing that rendered the claims implausible at the Rule 12(b)(6) stage? Without such identification, Plaintiff cannot meaningfully amend or narrow the pleadings.

## II. JURISDICTIONAL STATEMENT

- This appeal is taken from the United States District Court for the District of Maryland (Case No. 1:25-cv-00089-JKB).
- The order from which review is sought is the final judgment of dismissal with prejudice entered on May 22, 2025, and the subsequent order on June 25, 2025, denying reconsideration and amendment.

## III. STATEMENT OF CASE

### A. Nature of the Case

This action arises from Defendant Accenture Federal Services LLC's (Here on out referred to as AFS) breach of an implied-in-fact contract formed through its conduct, silence, and failure to object to Plaintiff's written bargain and offer of terms. On October 22, 2021, Plaintiff submitted a religious accommodation request under Title VII, which also included an offer: a waiver of tort, in exchange for Defendant's compliance with the rights of the Plaintiff or with the terms set forth in the bargain if they chose to violate Plaintiff's rights. Defendant received, reviewed, and acknowledged the bargain and its terms on multiple occasions. Instead of engaging in an interactive process, Defendants terminated Plaintiff's employment within minutes of confirmed review.

Defendant's termination—combined with its review, continued conduct and then silence—matched outward manifestations of assent under **Restatement (Second) of Contracts §19 and §69**. Maryland law recognizes that contracts may be formed by conduct or silence where a reasonable response is expected. *Porter v. Gen. Boiler Casing Co., 284 Md. 402, 410 (1979)*. The facts in Appellant's First Amended Complaint (here on out referred to as FAC) plausibly alleges the existence of a bilateral contract. Defendant's failure to perform its obligations under that agreement resulted in substantial harm and damage to Plaintiff.

B. Procedural History

A. On January 10, 2025, Plaintiff filed a Complaint in the United States District Court for the District of Maryland (ECF No. 1). Plaintiff filed for the operative FAC on January 27, 2025 (ECF No. 5).

B. On March 21, 2025, Defendants moved for an extension of time. The motion did not include a certification of Plaintiff's consent as ordinarily required by Local Rule 105(9). The district court nevertheless granted the extension.

C. On May 15, 2025, Defendants filed their Memorandum of Law in Support of their Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 24). A week later, on May 22, 2025, the district court granted the motion and dismissed the claims under Rule 12(b)(6).

D. On June 18, 2025, Plaintiff filed a Motion to Alter or Amend Judgment (ECF No. 27), which the district court denied a week later, on June 25, 2025.

E. Plaintiff timely filed a Notice of Appeal on July 24, 2025.

## IV. STATEMENT OF FACTS

1. Plaintiff–Appellant, Paytawn Andrew Erskine, was employed by Defendant–Appellee, Accenture Federal Services LLC ("AFS"), from May 2017 until his termination on January 26, 2022. (ECF No. 8, Exhibit L)
2. On October 22, 2021, Mr. Erskine submitted a written religious accommodation request setting forth his religious and conscientious objection to vaccination (ECF No. 8, Exhibit

B). The submission included a "Declaration of Rights and Waiver of Tort," (a 14 page offer) providing a bargain of a waiver of tort, forgoing immediate judicial action, and outlining terms for resolving violations through a private implied-in-fact contract. The contract stated:

"*... it is therefore, herein DECLARED that an IMPLIED CONTRACT is created and freely and jointly entered into by the parties, in which ANY and ALL Parties are free to choose to become OBLIGATED or not to become obligated of their own free choice or volition, to TRESPASS and cause a TORT or not to TRESPASS, TO INJURE ME A PROPER PARTY, or not to INJURE ME, the proper PARTY HEREIN WAIVING THE TORT and accepting settlement of the terms and conditions of this IMPLIED CONTRACT mutually agreed upon by all parties public and private.*" (ECF No. 8. Exhibit B, p. 13).

3. Defendants confirmed receipt of Plaintiff's submission on multiple occasions between November 2021 and January 2022. On January 6, 2022, within 78 minutes of AFS's first confirming review of the bargain/implied-in fact contract, AFS issued a termination letter to Plaintiff (ECF No. 8, Exhibit A, p. 3, 5 and 6),
4. On January 7, 2022, Plaintiff forwarded Exhibit B (here on now referred to as the contract) and the termination letter to Defendant John B. Goodman, a senior human resource official (ECF No. 8, Exhibit A, p. 5 and 6), Shortly thereafter, Plaintiff's supervisor took steps that temporarily extended his employment ECF No. 8, Exhibit J, first photo). Between January 11 and January 26, 2022, Plaintiff continued performance and Defendants further reviewed Plaintiff's submission and issued a formal denial of his accommodation request (ECF No. 8, Exhibit A, p. 7), During this period, Defendants did not provide a written objection to the terms in Plaintiff's offer/contract.

5. On January 25, 2022, Plaintiff sent a communication inviting clarification regarding his submission (ECF No. 8, Exhibit A, p. 9 and 10). No response was recorded.
6. On January 26, 2022, AFS terminated Plaintiff's employment. (ECF No. 8, Exhibit A, p. 8)
7. Between January 2022 and January 2024, Plaintiff sent a series of administrative notices (ECF No. 8, Exhibit K, cover page) restating his position regarding the contract, giving them a 30 day notice to respond and communicating that *"you can ignore this and acquiesce by virtue of your silence."* Defendants did not issue a written response to those notices.
8. Following these events, Plaintiff experienced loss of employment, financial hardship, and personal distress. (ECF No. 8, Exhibit H, R and S)

## V. ISSUES FOR REVIEW

**Issue 1:** Rule 12(b)(6) Standard

- Whether the district court erred by resolving factual inferences against Plaintiff at the pleading stage, rather than accepting the well-pleaded allegations of the FAC as true and construing them liberally in favor of a pro se litigant.

### A. Standard of Review

Dismissals under **Rule 12(b)(6)** are reviewed de novo. The appellate court reviews the sufficiency of the complaint without deference to the district court and must accept all well-pleaded allegations as true while drawing all reasonable inferences in the plaintiff's favor. King

v. Rubenstein, *825 F.3d 206, 214 (4th Cir. 2016); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011).*

Pro se complaints must also be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Haines v. Kerner, 404 U.S. 519, 520–21 (1972)*. The Fourth Circuit has long recognized that district courts must not dismiss pro se pleadings without affording them the most liberal construction possible. *Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).* See also *De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003)* (reversing dismissal where pro se complaint stated a plausible claim even if inartfully pled).

Courts may not weigh evidence, resolve factual disputes, or dismiss simply because claims are inartfully pled or because the court doubts their eventual success. *Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678; Johnson v. City of Shelby, 574 U.S. 10, 11 (2014) (per curiam).*

B. <u>Application to Facts</u>

In Plaintiffs FAC he plausibly alleged;

1. Employment with the Defendants, which creates a duty to respond (ECF No. 5, p. 6 ¶1).
2. Defendants receipt and acknowledgment of Plaintiff's religious accommodation request, coupled with an offer and consideration, which Defendants are obligated to not violate Title VII laws and Plaintiff expresses a bargain with Defendants to not violate Plaintiff's rights or choose to violate Plaintiff's rights "*accepting settlement of the terms and conditions of this IMPLIED CONTRACT*" (ECF No. 5, p 7 ¶6 and p 8 ¶8)

3. Defendants' conduct, accepting settlement of the terms and conditions of the offer by way retaliation (ECF No. 5, p. 8, ¶10), continued performance from Plaintiff (ECF No. 5, p. 8, ¶14) failure to accommodate (ECF No. 5, p. 8, ¶15) and again retaliation (ECF No. 5, p. 9, ¶16).
4. Remained silent despite multiple opportunities to object and retained the benefit of Plaintiff's valuable forbearance (ECF No. 5, p. 9, ¶21).

Taken together, these facts plausibly allege both retaliation and acceptance by conduct under **Restatement (Second) of Contracts § 19 and § 69** and **Md. Code Ann., Com. Law § 1-201(b)(3)**

Yet instead of accepting these allegations as true, the district court's order mirrored Defendants' characterizations while disregarding Plaintiff's factual pleadings. By concluding that "no contract existed" and "no assent occurred," the court improperly resolved factual disputes against the nonmoving party and failed to apply the liberal construction owed to a pro se complaint.

The Fourth Circuit has specifically warned against this approach. In *Gordon v. Leeke*, the Court held that pro se allegations must be liberally construed and that courts have a duty to ensure potentially valid claims are not dismissed prematurely. *574 F.2d at 1151*. Similarly, in *De'Lonta v. Angelone*, the Fourth Circuit reversed dismissal of a pro se claim, emphasizing that liberal construction requires crediting factual allegations even when they appear unlikely. *330 F.3d at 633*. The district court's handling of Plaintiff's complaint is directly at odds with this precedent.

The speed of dismissal—just one week after the motion to dismiss—further underscores the court's failure to engage with Plaintiff's allegations. The ruling did not apply the plausibility standard; it substituted the court's judgment for the factfinder's role.

C. Conclusion for Issue

At the pleading stage, the district court's role was not to decide whether Plaintiff will ultimately prevail, but only whether he stated a plausible claim. He did. By resolving factual disputes and refusing to construe the complaint liberally, the district court usurped the role of the factfinder.

The dismissal must be reversed. This approach is consistent with the constitutional tradition embodied in the Contract Clause, which underscores the importance of protecting contractual obligations from premature nullification.

**Issue 2:** Contract Formation and Mutual Assent

- Whether the district court erred in holding that no contract was alleged. Plaintiff expressly pled the existence of an implied-in-fact contract, identified the "Declaration of Rights and Waiver of Tort" as such, set forth defined terms, and alleged Defendants' assent through conduct, silence, and benefit retention. Weather at the **Rule 12(b)(6)** stage, the court was permitted to disregard these allegations or resolve factual disputes against a pro se litigant.

A. Standard of Review and Principles

Dismissals under **Rule 12(b)(6)** are reviewed de novo. Courts must accept well-pleaded facts as true, draw all reasonable inferences for the plaintiff, and may not dismiss simply because a claim appears unlikely. *King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016); Johnson v. City of Shelby, 574 U.S. 10, 11 (2014).*[1]

Statutory rights against discrimination are distinct from private contractual rights. *Alexander v. Gardner-Denver Co., 415 U.S. 36, 52 (1974)*. Maryland courts likewise recognize that parties may assume obligations independent of statutory schemes. *Porter, 284 Md. at 410.*

Maryland recognizes contracts implied-in-fact, formed through conduct, silence, or retention of benefits. *Porter v. Gen. Boiler Casing Co., 284 Md. 402, 410 (1979)*. Assent is judged objectively by outward manifestations, not unexpressed intent. *Ray v. Eurice Bros., Inc., 201 Md. 115, 127 (1952)*. Silence may constitute acceptance where circumstances reasonably require a response. **Restatement (Second) of Contracts §§ 19, 69**; *Teamsters v. Willis Corroon Corp., 369 Md. 724, 734 (2002).*

The Fourth Circuit has reversed dismissals of implied-in-fact claims where conduct plausibly indicated assent. *Gaskins v. Gov't Emps. Ins. Co., 91 F.4th 223, 229–30 (4th Cir. 2024)* (reversal where insurer's conduct plausibly manifested agreement).[2]

---

[1] Johnson v. City of Shelby, 574 U.S. 10, 11 (2014), where the Supreme Court warned courts not to dismiss complaints for "imperfect statements of the legal theory".

[2] Footnote: Richardson v. Grizzard, 756 F.2d 65 (4th Cir. 1985) (table) (reversing dismissal; implied-in-fact contracts turn on factual inferences about conduct and expectations).

**Md. Code Ann., Com. Law § 1-201(b)(3):**

*"Agreement," as distinguished from "contract," means the bargain of the parties in fact, as found in their language or inferred from other circumstances, including course of performance, course of dealing"*

B. <u>Application to facts</u>

The FAC alleged and provided proof of delivery of a written "Declaration of Rights and Waiver of Tort," expressly styled as an implied contract, which warned:

*"Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against individuals because of their religion ... in firing, or any other terms and conditions of employment. The law also prohibits job segregation based on religion...because of actual or feared customer preference."* (ECF No. 8. Exhibit B, p. 6)

*"NOTICE IS HEREBY GIVEN ... IMPLIED CONTRACT created herein. If the agency chooses to violate the declarant's rights, the Corporation ... will become a Debtor."* (ECF No. 8. Exhibit B, p. 12).

Defendants manifested objective mutual assent through multiple outward actions:

| Acceptance # | Type | Restatement Section | Event |
|---|---|---|---|
| 1st | Conduct | § 19(1)-(3) | Initial termination within 78 minutes after asserting rights; retaliation signaled recognition of waiver terms. |
| 2nd | Conduct | § 19(1)-(3) | Reinstatement and acceptance of continued labor without addressing waiver or effort to accommodate, followed by termination. |
| 3rd | Silence | § 69(1)(b) & (c) | Multiple notices post-termination warned that silence would constitute assent; no response given. |
| 4th | Retention of Benefit | § 69(1)(a) | Defendants retained benefit from Plaintiff's forbearance (avoiding litigation, publicity, cost) despite knowing compensation was expected. |

This was not "mere silence." It was silence plus conduct plus retention of valuable forbearance—classic indicia of assent under Maryland and Fourth Circuit law. Whether those facts establish mutual assent is a factual question for the factfinder, not grounds for dismissal. *King, 825 F.3d at 214.*

By the court concluding that; "Plaintiff does not plausibly allege the existence of a contract", "no assent occurred," and "no contract existed", a court is not permitted at this stage of the proceedings to 'resolve contests surrounding the facts' or 'the merits of a claim.'" *Megaro v. McCollum, 66 F.4th 151, 157 (4th Cir. 2023)*

C. Conclusion for Issue

The FAC plausibly alleged the existence of an implied-in-fact contract. Defendants' retaliatory conduct, failure to object despite notice, and retention of Plaintiff's forbearance all plausibly manifested assent. At minimum, whether these facts established a contract is a factual question not resolvable under **Rule 12(b)(6).** The dismissal should be reversed or remanded with leave to amend.

**Issue 3:** Alternative Theories of Recovery

- Whether the district court erred in dismissing Plaintiff's alternative equitable claims (quantum meruit/estoppel), despite detailed allegations of detrimental reliance, waiver of tort remedies, and Defendants' retention of benefits.

A. Standard of Review and Principles

Dismissals under Rule 12(b)(6) are reviewed de novo. The Court must accept all well-pleaded allegations as true and draw all reasonable inferences for the plaintiff. *King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016)*. **Rule 8** expressly authorizes plaintiffs to plead "two or more statements of a claim … alternatively," even if inconsistent. **Fed. R. Civ. P. 8(d)(2)–(3);** *Raleigh Radiology, Inc. v. Mammography Ctrs. of Am., Inc., 14 F.4th 385, 391 (4th Cir. 2021)* ("Rule 8(d) allows a party to plead alternative and even inconsistent theories of recovery.").

Accordingly, even if no bilateral contract is ultimately found, Maryland law provides equitable remedies to prevent unjust enrichment. Alternatives *Unlimited, Inc. v. New Balt. City Bd. of Sch. Comm'rs, 155 Md. App. 415, 482 (2004).*

*United States v. Georgia-Pacific Co., 421 F.2d 92, 96 (4th Cir. 1970):*

*"Equitable estoppel arises when a party, by his acts, representations, admissions, or silence when he ought to speak, intentionally or through culpable negligence induces another to believe certain facts exist and such other rightfully relies and acts on such belief to his detriment."*

***Md. Code Ann., Com. Law § 1-201(b)(3):***

*"Agreement," as distinguished from "contract," means the bargain of the parties in fact, as found in their language or inferred from other circumstances, including course of performance, course of dealing*

B. Application to the Facts

The FAC alleged that Plaintiff delivered a written "Declaration of Rights and Waiver of Tort," expressly styled as an implied contract, which provided:

*"If any ... corporations, private institutions ... choose to trespass, ... threaten... "Mandate" or otherwise compel this Man (Bearer named herein) to act in cooperation or comply with: efforts to medical facts... human rights violations... deprive me of protections, accepts full liability and agrees... to insure the full compensation."* (ECF No. 8. Exhibit B, p.13).

By including this clause, and others mentioned in "Statements of Facts" ¶2 and ¶7 and Issues 1 and 2 "Application to Case" and the above, Plaintiff conferred a valuable forbearance—waiving tort remedies and placing Defendants on notice of liability. Defendants accepted this benefit by:

| **Acceptance #** | **Type** | **Restatement Section** | **Event** |
|---|---|---|---|
| 1st | Conduct | § 19(1)-(3) | Initial termination within 78 minutes after asserting rights; retaliation signaled recognition of waiver terms. |
| 2nd | Conduct | § 19(1)-(3) | Reinstatement and acceptance of continued labor without addressing waiver or effort to accommodate, followed by termination. |
| 3rd | Silence | § 69(1)(b) & (c) | Multiple notices post-termination warned that silence would constitute assent; no response given. |
| 4th | Retention of Benefit | § 69(1)(a) | Defendants retained benefit from Plaintiff's forbearance (avoiding litigation, publicity, cost) despite knowing compensation was expected. |

Silence in the face of repeated notices can support estoppel. *Knill v. Knill, 306 Md. 527, 510 A.2d 546, 550 (1986)* (promissory estoppel available where reliance was induced by promises or conduct); Even if the Court doubts contract formation, Defendants should be estopped from denying obligations created by their conduct and silence. Maryland expressly adopts **Restatement (Second) of Contracts § 90**

Maryland law also recognizes that retention of such benefits gives rise to equitable recovery. Alternatives *Unlimited, 155 Md. App. at 482*. The **Restatement (Third) of Restitution**

confirms that forbearance from asserting a legal claim can itself be a compensable benefit when knowingly accepted. **Restatement (Third) of Restitution § 2, cmt. d.**

The Fourth Circuit likewise acknowledges unjust enrichment as a "flexible, equitable doctrine" extending to "any form of enrichment, including avoidance of an otherwise enforceable obligation." *United States ex rel. DRC, Inc. v. Custer Battles, LLC, 562 F.3d 295, 306 (4th Cir. 2009)*.

Courts in the Fourth Circuit have reversed dismissals where equitable claims were prematurely rejected as "duplicative." Example: *Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995)* (quantum meruit properly available even where contract unenforceable).

Courts have repeatedly allowed equitable claims to proceed where dismissal would create injustice. See *Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995)* (quantum meruit available even if contract unenforceable).

Thus, Defendants' conduct—reviewing the Declaration, failing to object, and acting in reliance on Plaintiff's forbearance to his detriment—creates at minimum a plausible case for estoppel. To now disclaim obligations would allow Defendants to benefit from silence and inconsistent positions, contrary to Maryland law.

C. <u>Conclusion for Issue</u>

At the pleading stage, Plaintiff plausibly alleged that Defendants (1) received and reviewed the Declaration, (2) failed to object despite repeated opportunities, (3) retaliated while

retaining the benefit of Plaintiff's forbearance, and (4) induced reliance through silence and conduct, making a promise through conduct.

The district court should have construed these allegations liberally to preserve equitable remedies under **Rule 8(d)(2).** By dismissing what is still in dispute at the pleading stage is in opposition to the 4th Circuit's ruling in *King v. Rubenstein.*

"At minimum, remand is warranted to permit amendment to make the equitable estoppel claim explicit, consistent with *Foman v. Davis, 371 U.S. 178 (1962)."*

The dismissal should be reversed, or at minimum, remanded with instructions to permit amendment.

**Issue 4:** Denial of Leave to Amend

- Whether the district court erred in holding that amendment would be futile. Plaintiff expressly identified clarifications to cure any perceived defects—including clarifying contract formation allegations, expanding reliance facts, specifying consideration and waiver, and detailing equitable tolling circumstances. The district court dismissed with prejudice despite the mandate to construe pro se pleadings liberally and permit amendment absent clear futility.
- Question: At the Rule 12(b)(6) stage, how was the court permitted to foreclose amendment where plausible contract, estoppel, and restitution claims were pled, and Plaintiff identified concrete corrections that would cure any deficiency?

A. Standard of Review and Principles

Dismissals under **Rule 12(b)(6)** are reviewed de novo, while denial of leave to amend is reviewed for abuse of discretion. *King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).* Futility, however, is a merits determination reviewed de novo. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).*

Pro se pleadings are entitled to liberal construction and dismissal with prejudice is strongly disfavored. *Erickson v. Pardus, 551 U.S. 89, 94 (2007).* Leave to amend must be "freely given" unless futility is clear. *Foman v. Davis, 371 U.S. 178, 182 (1962).* Courts may not resolve factual disputes at the pleading stage. *Megaro v. McCollum, 66 F.4th 151, 157 (4th Cir. 2023).*

Contracts implied-in-fact: Maryland recognizes assent by conduct, silence, or benefit retention. *Porter v. Gen. Boiler Casing Co., 284 Md. 402, 410 (1979);* **Restatement (Second) of Contracts §§ 19, 69;** *Teamsters v. Willis Corroon Corp., 369 Md. 724, 734 (2002).*

The Fourth Circuit has held that a promise or assent may be manifested through conduct, and that whether such conduct reasonably indicates an agreement is a factual question inappropriate for dismissal. *Gaskins v. Gov't Emps. Ins. Co., 91 F.4th 223, 229–30 (4th Cir. 2024).*

Promissory estoppel: A promise reasonably inducing reliance is binding. **Restatement (Second) of Contracts § 90;** *Pavel Enters., Inc. v. A.S. Johnson Co., 342 Md. 143, 158 (1996).*

Quantum meruit/unjust enrichment: Recovery lies where a benefit is conferred and unjustly retained. *J.E. Dunn Constr. Co. v. S.R.P. Dev., 115 F. Supp. 3d 593, 604–05 (D. Md. 2015); Swanson v. Stratos, 289 Md. 115, 122 (1980).*

B. Application to Facts

The FAC alleged:

- Offer and consideration: Plaintiff waived tort claims in exchange for accommodation or compensation (ECF No. 5, p. 15, ¶ 48(a) and (b).
- Assent by conduct: Defendants terminated Plaintiff within 78 minutes of review, later reinstated him, and continued engaging his labor while invoking policy authority (ECF No. 5, p. 16, ¶ 48(f) and p. 17 ¶48(i).
- Assent by silence: Defendants failed to object despite repeated notices that silence would be deemed acceptance (ECF No. 5, p. 16 ¶48(e), p. 17 ¶48(g) and (i).
- Benefit retention: Defendants accepted Plaintiff's forbearance—avoiding immediate tort litigation and reputational harm—without compensation (ECF No. 5, p. 18 ¶49(a)).
- Reliance: Plaintiff detrimentally relied by foregoing tort remedies, continuing work under hostile conditions, and sustaining economic loss (ECF No. 5, p. 17, ¶48(h) and p. 25, 26, 27, ¶75.
- Equitable tolling: Plaintiff identified extraordinary circumstances, including misrepresentations, reliance on Defendants' continued review, and procedural confusion as a pro se litigant (ECF No. 5, p. 23, 64(b)).

Rigid enforcement of a local attachment rule was especially inappropriate in this pro se context. The Fourth Circuit has long recognized that pro se complaints must be construed liberally and that courts should allow amendment when it can cure deficiencies. *Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).* More recently, the Court has reversed denials of leave to amend

where plaintiffs described substantive cures, even absent technical compliance with local rules. See *Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011)* (district court erred by denying amendment where proposed changes addressed identified deficiencies).

Plaintiff's Rule 59(e) motion previewed specific clarifications for a Second Amended Complaint:

- Explicitly stating mutual assent under **Restatement § 19** through silence, conduct, and benefit retention.
- Adding detailed reliance facts showing promissory estoppel under **Restatement § 90**.
- Clarifying unjust enrichment allegations by specifying the benefits retained by Defendants (waiver of tort claims, avoidance of litigation costs, avoidance of public scrutiny and continued labor).
- Expanding equitable tolling allegations under *Zipes v. TWA, 455 U.S. 385 (1982), and Menominee Indian Tribe v. United States, 577 U.S. 250 (2016).*

These corrections directly address the grounds for dismissal.

C. Conclusion for Issue

The FAC plausibly alleged contract, estoppel, and restitution theories. **Rule 15** embodies a presumption in favor of amendment, and Plaintiff identified concrete revisions that would have addressed the court's concerns. Under Foman, Erickson, and Fourth Circuit precedent, dismissal with prejudice was improper. The judgment should be reversed or remanded with instructions to permit a Second Amended Complaint.

**Issue 5**: Plausibility of Allegations Under Rule 12(b)(6)

- Whether the district court erred in dismissing Plaintiff's claims as implausible without identifying what specific factual allegations were missing. Plaintiff alleged the existence of an implied-in-fact contract, Defendants' assent through conduct, silence, and benefit retention, and retaliatory termination within minutes of notice.
- Question: At the pleading stage, what factual allegations were absent that rendered Plaintiff's claims "implausible," rather than merely disbelieved?

A. Standard of Review and Principles

Restatement of Issues Standard of Review and Principles 1-3.

At the pleading stage, a complaint survives dismissal if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).*

B. Application to Facts

Restatement of Issues Application to Facts 1-3.

These allegations provide specific factual content that allows a court to draw a reasonable inference of liability. Whether Defendants' conduct established mutual assent or constituted retaliation is a fact question for the factfinder, not a pleading deficiency.

By failing to identify what facts were missing[3], the district court effectively required Plaintiff to prove his case at the pleading stage—contrary to *Twombly, Iqbal*, and Fourth Circuit precedent.

C. Conclusion for the Issue

The Complaint set forth detailed factual allegations supporting contract formation, assent, and retaliation. At minimum, whether those facts ultimately establish liability is for the factfinder, not a Rule 12(b)(6) dismissal. The court's conclusion of "implausibility" without specifying missing facts was error.

## VI. CONCLUSION

For the foregoing reasons, the judgment below should be reversed. At the pleading stage, Plaintiff's allegations plausibly stated claims for breach of contract, retaliation, and equitable recovery. The district court erred by (1) resolving factual disputes against a pro se litigant, (2) disregarding well-pleaded allegations of bargain, notice, conduct, silence, and benefit retention, and (3) dismissing Plaintiff's alternative quantum meruit and estoppel theories in contravention of **Rule 8(d)**. The court further abused its discretion in denying leave to amend on a procedural technicality, contrary to **Rule 15's** liberal policy and Fourth Circuit precedent.

---

[3] Davis v. Ruby Foods, 269 F.3d 818, 820 (7th Cir. 2001): Judges should explain dismissals so litigants know what to fix.

Accordingly, Plaintiff respectfully requests that this Court:

1. Reverse the dismissal with prejudice;

2. Reinstate Plaintiff's claims for breach of contract, promissory estoppel and quantum meruit (pled in the alternative); and

3. Alternatively, remand with instructions to permit filing of a Second Amended Complaint and provide an answer to "what facts, if any, were missing that rendered the claims implausible at the Rule 12(b)(6) stage?", so that this case may be adjudicated on the merits.

Such relief accords with the principles of **Rule 12(b)(6), Rule 15,** and **Rule 8(d),** as consistently applied by this Court, and ensures that Plaintiff's claims are resolved not on pleading technicalities but on the merits, as justice requires.

Respectfully submitted,

______________________________ Dated: 8, 25, 2025

Paytawn Andrew; Erskine
Appellant, Pro Se. All rights reserved
c/o: 8 Austin Rd, Wilmington Delaware, [19810]
Paytawn08@gmail.com
(302) 268-5658

# CERTIFICATE OF SERVICE

I hereby certify that on 8, 26, 25, I electronically filed the foregoing Notice of Appeal with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered CM/ECF users.

Respectfully submitted,

Paytawn Andrew; Erskine
Plaintiff, Pro Se, UCC1-308
c/o: 8 Austin Rd, Wilmington Delaware, [19810]
Paytawn08@gmail.com
(302) 268-5658