# CASE NO. 25-1847

---

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

PAYTAWN ERSKINE,
*Plaintiff/Appellant,*

v.

ACCENTURE FEDERAL SERVICES, LLC ET AL.
*Defendants/Appellees.*

---

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, CASE NO. 1:25-CV-00089-JKB

---

## RESPONSE BRIEF OF APPELLEES ACCENTURE FEDERAL SERVICES LLC AND JOHN GOODMAN

---

SUBMITTED BY:
Daniel J. Fazio, Esq.
DAN FAZIO LAW LLC
980 N. Michigan Ave.
Suite 1090 | PMB 678674
Chicago, IL 60611-4521
(847) 656-3171
dan@danfaziolaw.com

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........................................................................ ii

JURISDICTIONAL STATEMENT ...............................................................1

STATEMENT OF ISSUES ..........................................................................1

STATEMENT OF CASE ............................................................................2

SUMMARY OF ARGUMENT ....................................................................5

STANDARD OF REVIEW ..........................................................................6

ARGUMENT ..............................................................................................6

A. The District Court's Dismissal of the Implied Contract Claim Should be Affirmed…………………………………………………………...6

B. The District Court's Dismissal of the Promissory Estoppel and Quantum Meruit Claims Should be Affirmed………………………12

C. Dismissal Without Leave to Amend Was Appropriate; Amendment Would be Futile……………………………………...15

CONCLUSION ………………………………………………………...16

# TABLE OF AUTHORITIES

**Cases** **Page**

*Attorney Griev. Comm'n v. McIntire*,
286 Md. 87 (1979)……………………………..……………………….10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 555 (2007)……………………………………………………….6

*David A. Bramble, Inc. v. Thomas*,
396 Md. 443 (2007)……………………………………………………..9

*Cochran v. Norkunas*,
398 Md. 1 (2007)…………………………………………………….9, 10

*Cozzarelli v. Inspire Pharms. Inc.*,
549 F.3d 618 (4th Cir. 2008)……………………………………………..15

*Creveling v. Gov't Employees Ins. Co.*,
376 Md. 72 (2003)………………………………………………………..14

*E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*,
213 F.3d 175 (4th Cir. 2000)………...……………………………………6

*Edell & Associates, P.C. v. Law Offices of Peter G. Angelos*,
264 F.3d 424 (4th Cir. 2001)……………………………………………...12

*Everhart v. Miles*,
47 Md. App. 131 (1980)..………………………………………………...14

*Graves v. Peterson*,
No. 2471, 2017 WL 2645603 (Md. App. June 20, 2017)………………………11

*Graves v. Spinner*,
No. 2470, 2018 WL 1500303 (Md. App. Mar. 27, 2018)......................11, 12

*Hercules, Inc. v. United States*,
516 U.S. 417 (1996).........................................................................7

*Hill v. PeopleSoft USA, Inc.*,
412 F.3d 540 (4th Cir. 2005)...............................................................8

*King v. Rubenstein*,
825 F.3d 206 (4th Cir. 2016)...............................................................6

*Knill v. Knill*,
306 Md. 527 (1986)...........................................................................13

*Paramount Brokers, Inc. v. Digital River, Inc.*,
126 F. Supp. 2d 939 (D. Md. 2000).....................................................14

*Pavel Enters., Inc. v. A.S. Johnson Co.*,
342 Md. 143 (1996)..................................................................9, 12, 14

*Spaulding v. Wells Fargo Bank, N.A.*,
714 F.3d 769 (4th Cir. 2013)............................................................6, 7

*Int'l Bhd. of Teamsters v. Willis Corroon Corp.*,
369 Md. 724 (2002)...........................................................................10

**Statutes**

28 U.S.C. § 1291.................................................................................1

## JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 1291, because it is the appeal of a final decision of the United States District Court for the District of Maryland (the May 22, 2025 Memorandum and Order dismissing Erskine's First Amended Complaint with prejudice for failure to state a claim).

## STATEMENT OF ISSUES

Whether the District Court correctly dismissed Erskine's claim for Breach of Implied Contract, where the purported "contract" contains no discernable offer of consideration, and Accenture's alleged assent to the purported contract took the form of terminating Erskine's employment and silence.

Whether the District Court correctly dismissed Erskine's claims for Promissory Estoppel and Quantum Meruit, where the only alleged "clear and definite promise" made by Accenture was not to respond to the alleged proposed agreement, and Accenture obtained no discernable benefit from the alleged agreement.

Whether the District Court was correct in dismissing Erskine's First Amended Complaint without leave to amend, where there is no dispute that Erskine's Title VII claims are long time-barred, other claims do not exist as claims for relief, and the supposed contract on which the remainder of Erskine's claims relies was considered by the District Court, contains no discernable offer of consideration, and Accenture's

alleged assent to the purported contract took the form of terminating Erskine's employment and silence.

## STATEMENT OF CASE

Erskine appeals from the judgment of the District Court dismissing his First Amended Complaint ("FAC") with prejudice. In the FAC, Erskine sought $75,317,303.47 from Accenture for its alleged failure to accommodate his alleged religious beliefs, in connection with the termination of his employment following his refusal become vaccinated against COVID-19. (Dkt. 5, FAC, p. 5.)[1] In Counts I-II of the FAC, Erskine sought relief under Title VII (*Id.*, pp. 11-12); however, as the District Court recognized, those claims were long time-barred. (Dkt. 25, Memo. and Order, p. 4.) Erskine does not appeal that aspect of the District Court's judgment. In Count III of the FAC, Erskine sought relief in the form of a claim for "Violation of the Law of Nations and Customary International Law." (Dkt. 5, FAC, p. 12.) As the District Court recognized, there is no such private right of action (Dkt. 25, Memo. and Order, p. 5); Erskine does not appeal that aspect of the District Court's judgment either. Nor does Erskine appeal the District Court's dismissal of

---

[1] Citations to the District Court record provide the docket entry ("Dkt. #"), short title of the document where not obvious, and page number of the citation, as reflected in the docket.

his claims for Breach of the Implied Covenant of Good Faith and Fair Dealing (Count V) and "Failure to Act on Administrative Notice" (Count VI).

In his appeal, Erskine seeks reversal of (i) the District Court's dismissal of his claim for Breach of Implied Contract, (ii) the District Court's dismissal of his claims for Promissory Estoppel and Quantum Meruit, and (iii) the District Court's denial of leave to amend the FAC. (*See* Opening Brief ("Op. Br.").)

The purported "contract" on which Plaintiff bases his claim for Breach of Implied Contract is a 14-page document, titled "Notice of Declaration for Vaccination Exemption" ("Notice"), that Erskine evidently drafted. (Dkt. 8-4, Notice, pp. 2-15.)[2] In the Notice, Erskine denies being subject to U.S. law, "forego[es] all the benefits, privileges, and immunities afforded U.S. citizens and Residents," and "Declare[s], and Proclaim[s] upon: Divine Law; Natural Law; Contract Law; Common Law Trust; International Law; and by Treaty and/or Constitutional Law," that he is "EXEMPT from any and all immunizations and vaccinations due to pandemic or otherwise," and that "[a]ny authority which tries to enforce vaccinations in violation of the laws of the United States Constitution … will be subject to prosecution." (*Id.*, pp. 3-4.)

[2] The Notice was not attached to the FAC. Nevertheless, the District Court located it in another portion of the record (as an attachment to Erskine's motion for preliminary injunction) and analyzed the Notice as the alleged contract identified in the FAC. Erskine's Opening Brief confirms the District Court analyzed the correct document.

Erskine alleges that the Notice constituted an offer of a contract, whereby he offered a "waiver of tort" in exchange for Accenture's agreement either (i) to comply with the litany of supposed rights set forth across the 14-page document or (ii) to pay him upwards of $75 million. (Dkt. 5, FAC, p. 8, ¶ 8.) The Notice uses the phrase "waiver of tort," but no language in the Notice actually contains a waiver by Erskine of any claims in favor of Accenture. (Dkt. 8-4, Notice, p. 13.) Further, the "torts" referenced in the Notice that Erskine supposedly waived consist of criminal statutes and claims against state actors that Erskine would have no standing or power to bring against (and thus no power to waive in favor of) Accenture, a private employer. (*Id.*) Erskine alleges that Accenture accepted this purported contract by (i) "acceptance of [his] continued labor without addressing waiver or effort to accommodate," (ii) terminating his employment, (iii) silence, and (iv) "retaining the benefit from [his] forbearance (avoiding litigation, publicity, cost)." (Op. Br., p. 13.)

Although pled in the alternative to his contract-based claim, Erskine's claims for Promissory Estoppel and Quantum Meruit proceed upon the same theory and rest upon the same Notice. As for his Promissory Estoppel claim, Erskine alleges that Accenture made a "clear and definite promise" by "failing to object" and "silence" in the face of the Notice. (Dkt. 5, FAC ¶ 63.) As for his Quantum Meruit claim, the benefit that Erskine alleges Accenture to have received and retained was the "waiver

of tort," which, as noted above, in fact waived nothing and provided Accenture nothing of value. (*Id.* ¶ 68.)

## SUMMARY OF ARGUMENT

The judgment of the District Court should be affirmed. The District Court considered Erskine's alleged "contract" and the allegations of the FAC regarding the alleged formation of an implied contract, and, applying well-established law, found that no contract was formed, implied or otherwise. The "waiver of tort" supposedly offered in the Notice cannot fairly be read to be an offer of anything, and, in any event, Erskine's assertion that Accenture accepted his purported contract offer by accepting his continued service, terminating his employment, silence, and benefiting from him forbearing suing is supported by neither law nor logic.

The District Court likewise properly dismissed Erskine's claims for Promissory Estoppel and Quantum Meruit. Promissory Estoppel requires (among other things) a clear and definite promise by the defendant; here, Erskine's allegations make clear that Accenture made no promises, as he alleges that Accenture's response to the Notice was "silence." Quantum Meruit requires (among other things) conferral of a benefit retained by the defendant; here, conclusory allegations notwithstanding, it is clear from the face of the Notice that it provided Accenture nothing of value, certainly nothing it retained.

Dismissal without leave to amend was proper. The FAC is a combination of claims that are long time-barred, do not exist, and that rest upon a document that cannot in any sense be read to create a contract or to confer a benefit upon Accenture. Amendment would therefore be futile.

## STANDARD OF REVIEW

This Court reviews a district court's grant of a motion to dismiss *de novo*. *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 776 (4th Cir. 2013). Although the well-pleaded facts are taken "in the light most favorable to the plaintiff," the Court "need not accept the legal conclusions drawn from the facts." *Id*. (quoting *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). "Even a pro se plaintiff … must allege sufficient facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).

## ARGUMENT

### A. The District Court's Dismissal of the Implied Contract Claim Should be Affirmed.

Under Maryland law, "the formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *Spaulding*, 714 F.3d at 777 (4th Cir. 2013) (citation omitted). "An agreement implied

in fact is founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Id*. (quoting *Hercules, Inc. v. United States*, 516 U.S. 417, 424 (1996)). Dismissal at the pleading stage is appropriate when the facts alleged do not plausibly allege a meeting of the minds. *See, e.g., Spaulding*, 714 F.3d at 777-78 (affirming pleading stage dismissal of claim for breach of implied contract, finding none of the defendant's alleged conduct constituted a "meeting of the minds" evidencing a contract, implied or otherwise). Here, Erskine's Notice, and the allegations in the FAC surrounding its supposed formation as a contract, satisfy none of the elements of contract formation, whether implied or otherwise.

**1. The Notice Contains No Offer to Accenture.**

The Notice uses the phrase "waiver of tort," but no language in the Notice actually contains any discernable waiver by Erskine of any claims in favor of Accenture. Rather, on the page where the "waiver of tort" language appears, the Notice provides:

> NOTICE IS HEREBY GIVEN to All Parties, including, but not limited to All Foreign and Domestic Corporations, Officers, assigns, agents, actors, employees, or representatives in any way thereof, YOU ARE HEREBY GIVEN CONSTRUCTIVE NOTICE AND DECLARATION OF THIS WAIVER OF TORT and the IMPLIED CONTRACT created herein. If the agency chooses to violate the declarant rights, the Corporation, and all actors as indicated in this paragraph, will become a Debtor and

> the declarant will become the Secured Party Creditor under this agreement.

(Dkt. 8-4, Notice, p. 12.) Even a strained reading of this declaration cannot support that any discernable waiver was actually being offered to Accenture or anyone else. Yet, a waiver is the only purported consideration Erskine alleges he offered. (Dkt. 5, FAC ¶ 48.) In the absence of an actual offer, of course, no contract could have formed.

**2. Even if the "Waiver of Tort" is Considered an Offer, the Offer Was Illusory.**

Under Maryland contract law, an illusory promise, *i.e.*, a promise that does not actually bind or obligate the promisor to anything, cannot constitute consideration supporting contract formation. *Hill v. PeopleSoft USA, Inc.*, 412 F.3d 540, 543 (4th Cir. 2005). Here, even if the "waiver of tort" could be construed as offer a waiver of certain claims against Accenture, none of the claims listed in the Notice are those that Erskine, an individual, was empowered to waive in favor of Accenture, a private employer. Rather, the claims listed are a combination of criminal statutes and statutes providing for claims against state actors; none provide a private right of action for an individual against his private-sector employer. (*See* Dkt. 8-4, Notice, p. 12.) Accordingly, any so-called promise contained in the Notice bound Erskine to nothing and, therefore, could not form the basis of an enforceable contract.

**3. Accenture Did Not Accept the "Offer" as a Matter of Law.**

It is basic contract law that "[c]reation of a contract requires an offer by one party and acceptance by the other party." *Cochran v. Norkunas*, 398 Md. 1, 23 (2007) (citing *David A. Bramble, Inc. v. Thomas*, 396 Md. 443, 455 (2007)). Acceptance of an offer is requisite to contract formation, and "common to all manifestations of acceptance is a demonstration that the parties had an actual meeting of the minds regarding contract formation." *Cochran*, 398 Md. at 23-24; *see also Creel v. Lilly*, 354 Md. 77, 101 (1999) (reiterating that to establish a contract the minds of the parties must be in agreement as to its terms); *Pavel Enters., Inc. v. A.S. Johnson Co.*, 342 Md. 143, 162-63 (1996) (holding that no contract was formed because there was no meeting of the minds). Even if the Notice could be considered a contractual offer, the FAC contains no facts indicating that that this offer was ever accepted by Accenture. Erskine's arguments to the contrary are unavailing.

In his opening brief, Erskine argues that Accenture manifested assent to the "contract" by (i) terminating his employment, (ii) accepting his continued employment for a period of time prior to the termination taking effect, (iii) silence, and (iv) retaining the benefit of his waiver. (Op. Br., p. 11.) None of these alleged acts (and omissions) constitute contract acceptance as a matter of law (or logic).

First, Erskine provides no explanation as to how terminating his employment in the face of the Notice constitutes acceptance—as opposed to rejection—of his

proposal to abide by his view of his legal rights or pay him upwards of $75 million. Nor does he explain how allegedly continuing to employ him for a short period of time after receiving the Notice constitutes acceptance.

Nor does Plaintiff's theory that Accenture somehow acquiesced to his "offer" by silence rescue Erskine's defective claim. As "a general rule of contract law, silence and inaction upon receipt of an offer do not constitute an acceptance of the offer." *Int'l Bhd. of Teamsters v. Willis Corroon Corp.*, 369 Md. 724, 738 n.3 (2002). Silence does not constitute acceptance of an offer unless (i) the parties had agreed previously that silence would be an acceptance, (ii) the offeree has taken the benefit of the offer, or (ii) because of previous dealings between the parties, it is reasonable that the offeree should notify the offeror if she does not intend to accept. *Cochran v. Norkunas*, 398 Md. 1, 23-24 (2007); *see also Attorney Griev. Comm'n v. McIntire*, 286 Md. 87, 93 (1979). Here, none of these factors is present or alleged.

Courts applying Maryland law have repeatedly assessed and consistently rejected exactly the type of "contractual" claims made by Erskine here: unilateral delivery of a document by a plaintiff purporting to be a contract followed by spurious claims that the recipient acquiesced to the "contract" by silence. These courts have consistently found that silence does *not* equate to acceptance of the offer, and breach of contract claims premised on such silence should be dismissed.

For example, in *Graves v. Peterson*, No. 2471, 2017 WL 2645603 (Md. App. June 20, 2017), the appellant mailed a notarized letter styled like a civil complaint, entitled, "Notice of Fraud Through Lack of Disclosure of Material Information When Property Was Purchased and Stipulation Affidavit," making certain legal claims. *Id.* at *1. The notice indicated that the appellees "agreed" the allegations in it were true and that, as a result of the alleged fraud, they would pay appellant $900,000. *Id.* The Notice further stated: "THIS IS A CONTRACT, your failure to answer and rebut this affidavit is acquiescence, you have 72 hours to answer, and then this contract is law." *Id.* The trial court saw through this artifice and dismissed defendants breach of contract claim. The Maryland Court of Special Appeals upheld the dismissal, stating:

> Silence is not acquiescence — a contract requires an actual meeting of the minds, an offer *and* an acceptance. Silence is not an acceptance of an offer unless the parties have *agreed* previously that silence would be an acceptance, the offeree has taken the benefit of the offer, or, based on previous dealings between the parties, it is reasonable that the offeree should notify the offeror if she does not intend to accept.

*Id*. at *3 (emphasis in original). Finding none of those exceptions applied, the court found that "this sort of unilaterally springing contract formation would circumvent the 'acceptance' half of the contract formation process" and affirmed the lower court's dismissal of the appellant's claim for specific performance. *Id*.; *see also Graves v. Spinner*, No. 2470, 2018 WL 1500303 (Md. App. Mar. 27, 2018) ("implied

contract" entitled "INTENT TO SUE FOR REFUSAL TO PAY FOR SERVICES" unilaterally mailed to defendant is not a contract).

Similarly, here, Erskine's attempt to manufacture a "unilaterally springing contract" requiring Accenture to pay him $75 million if it went forward with doing something it had already told him it was going to do cannot satisfy the requirement of contract acceptance. Dismissal of Erskine's breach of contract claim should be affirmed.[3]

### B. The District Court's Dismissal of the Promissory Estoppel and Quantum Meruit Claims Should be Affirmed.

#### 1. No Promise is Alleged to Support a Promissory Estoppel Claim; Indeed, the Complaint is Clear Accenture Made None.

"[A] clear and definite promise on the part of the defendant is an essential element of a promissory estoppel claim." *Edell & Associates, P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 441 (4th Cir. 2001) (citing *Pavel Enters., Inc. v. A.S. Johnson Co., Inc.*, 342 Md. 143 (1996)). Although the FAC contains the conclusory allegation that "Defendant(s) made a clear and definite promise," (*see* Dkt. 5, FAC ¶ 63), the District Court correctly found that the FAC is "completely

---

[3] In his Opening Brief, Erskine cites *Gaskins v. Gov't Emps. Ins. Co.*, 91 F.4th 223 (4th Cir. 2024) as having reversed dismissal of an implied-in-fact contract claim. An exhaustive review of Westlaw has found no such case; rather, Erskine appears to have hallucinated this authority.

devoid of facts that reflect that Defendants made any promises to Plaintiff, much less any clear and definite promises." (Dkt. 25, Memo. and Order, p. 6.)

Indeed, the FAC's allegations of Accenture's supposed "clear and definite promise" actually prove the opposite – that Accenture made no promises. The FAC attempts to portray Accenture's alleged "failure to object or to clarify their position" and "silence" as the "clear and definite promise" supporting the Promissory Estoppel claim. (Dkt. 5, FAC ¶ 63.) Silence and inaction are, of course, essentially the opposite of a clear and definite promise to do something, and Erskine's citation to *Knill v. Knill*, 306 Md. 527 (1986) is inapposite. *Knill* is a divorce case in which the issue was whether the doctrine of equitable estoppel (not promissory estoppel) could be applied to allow a husband to deny paternity in order to avoid a duty to support a minor child. The Maryland Court of Appeals held that it could not, notwithstanding allegations that the husband "did everything a father would do and more" and had represented himself to the child and to the community as the child's father. *Id.* at 531, 538-39.

Erskine having alleged no clear and definite promise—and in fact affirmatively alleging that no such promise was made—dismissal of the Promissory Estoppel claim should be affirmed.

**2. Erskine Does Not Have a Claim for Equitable Estoppel Either.**

Even if Erskine's estoppel claim could be construed as being for equitable estoppel – a "distant cousin" of promissory estoppel (*see Pavel*, *supra*, 342 Md. at 146, n. 1) – it still fails as a matter of law. A claim for equitable estoppel requires (i) a voluntary representation of one party, (ii) that is relied on by the other party, (iii) to the other's detriment. *Creveling v. Gov't Employees Ins. Co.*, 376 Md. 72, 102 (2003). Here, the FAC contains no facts suggesting any of these elements are satisfied; to the contrary, Accenture is alleged *not* to have made any representations, but rather to have remained silent in the face of the Notice. Further, and perhaps more fundamentally, it is self-evident that Erskine did not in fact forbear anything in view of Accenture's silence, much less waive any claims; instead, he sued it in two judicial forums.

**3. Erskine Does Not Have a Claim for Quantum Meruit.**

A claim for Quantum Meruit has three elements: "(1) [a] benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance to retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Paramount Brokers, Inc. v. Digital River, Inc.*, 126 F. Supp. 2d 939 (D. Md. 2000) (quoting *Everhart v. Miles*, 47 Md. App. 131, 136 (1980)). The District Court correctly found that Erskine did not plausibly

allege any of these elements. (Dkt. 25, Memo. and Order, p. 6.) Indeed, the Notice—which Erskine claims is the source of the benefit conferred—conclusively establishes that no benefit was conferred. As detailed, *supra*, the Notice contains no discernable language actually providing Accenture a waiver of anything—certainly nothing Erskine had the power to provide Accenture. Further, even a strained interpretation of the Notice suggests that, at most, the Notice was attempting to convey to Accenture that *if* it did not violate his alleged rights, *then* he would not sue it. This conditional proposal is certainly not the conferral of a benefit retained by Accenture; indeed, subsequent events (*i.e.*, Erskine suing Accenture in two forums) conclusively show that Accenture retained no such benefit. Dismissal of the Quantum Meruit claim should be affirmed.

### C. Dismissal Without Leave to Amend Was Appropriate; Amendment Would be Futile.

Dismissal with prejudice is appropriate where "amendment would be futile in light of the fundamental deficiencies in plaintiff's theory of liability." *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). The District Court correctly found that amendment would be futile here, given that (i) the statute of limitations on his Title VII claims had "long passed" (as Erskine concedes in the FAC), (ii) Count III (for violation of the Law of Nations) could not be remedied because it is not a viable cause of action, and (iii) Erskine's remaining counts (including the three

counts he challenges in this appeal) "are, at best, bordering on frivolous, given the details surrounding the purported contract." (Dkt. 25, Memo. and Order, p. 6.)

This Court should affirm on the same grounds. Relevant to the claims appealed here, as detailed *supra*, the purported "contract" on which those claims are based could not plausibly be read to offer a benefit or to impose obligations upon Accenture. Not only is acceptance not alleged, but the factual allegations contained in the FAC confirm that acceptance did not take place as a matter of law. Likewise, not only is no promise supporting a claim for Promissory Estoppel alleged, but the FAC's factual allegations confirm that Accenture made no promises. Further, not only are none of the elements of Quantum Meruit alleged, but the factual allegations (and subsequent events) confirm that Accenture retained no benefits arising out of the Notice. In short, the FAC not only *lacks* facts to support any viable claims for relief, the facts alleged (and the Notice itself) confirm *no such facts exist*. The District Court's dismissal with prejudice was appropriate and should be affirmed.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court should be affirmed.

SUBMITTED BY:

/s/ Daniel J. Fazio
Daniel J. Fazio, Esq.
DAN FAZIO LAW LLC

980 N. Michigan Ave.
Suite 1090 | PMB 678674
Chicago, IL 60611-4521
(847) 656-3171
dan@danfaziolaw.com